a death fund and a contingent fund, and there being no evidence to contradict defendant's evidence that there was no money in the death fund at the time the assessments were levied.

2. INSURANCE, § 853*—*when company not estopped from interposing defense.* An insurance company does not waive nor is it estopped from interposing a defense other than a forfeiture for nonpayment of assessment, because it based its refusal to pay solely upon that ground with full information as to other facts constituting a forfeiture, where it does not appear that the plaintiff was misled or influenced to her injury by failure to assign other reasons.

3. STIPULATIONS, § 22*—*when plaintiff estopped to deny stipulation as to pleadings.* Plaintiff, on appeal, cannot urge that a defense was not specially pleaded where the record shows that during the trial he did not object to a statement made by the court: "Let the record show that it is agreed by counsel for both parties that there may be introduced in evidence in this case any evidence in support of any plea which might properly be pleaded to the declaration."

4. TRIAL, § 191*—*when direction of verdict for defendant proper.* Where evidence of an affirmative defense is offered, it is proper to direct a verdict for defendant even though all the averments of the declaration are proved, if the evidence of the affirmative defense is not contradicted or explained.

---

## Sam Barnett and George Barnett, copartners as Barnett Brothers, Appellants, v. Joseph Friedman et al., Appellees.

### Gen. No. 18,866.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

### Statement of the Case.

Bill filed by Sam Barnett and George Barnett, copartners, doing business in the name of Barnett Brothers, against Joseph Friedman, D. J. Friedman and John P. Tansey to cancel a contract for the purchase of diamonds and jewelry and to enjoin a suit on .

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

a note given for part of the purchase price. The bill alleged that the complainants purchased the articles from the Friedmans, who guarantied the weight of the diamonds as stated on tags attached thereto, and that they had fraudulently transferred a note given by Sam Barnett for part of the purchase price to defendant Tansey, who took with knowledge of the warranty. From a decree dismissing the bill and granting the relief prayed in Tansey's cross-bill, complainants appeal.

D. B. BRILLOW, for appellants.

F. P. SALISBURY and M. MARSO, for appellees.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

INJUNCTION, § 206*—*when decree dismissing bill to enjoin suit on note sustained by the evidence.* On bill to cancel a contract for the purchase of diamonds and jewelry for breach of warranty and to enjoin a suit on a note given for part of the purchase price, it being alleged that the note was transferred by the payees to the party suing on the note who took with knowledge of the conditions of warranty, *held* that a decree dismissing the original bill and awarding the relief prayed in the cross-bill filed by the holder of the note was sustained by the evidence, it appearing that the note was transferred to holder before maturity and for valuable consideration without notice of the conditions under which the note was given to the payees.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.